NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANCISCO MANBERTO
MALDONADO REYES; MARTA MARIA
MALDONADO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-1503

Agency Nos.
A213-120-803
A214-120-775

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Francisco Manberto Maldonado Reyes and Marta Maria Maldonado

("Petitioners"), natives and citizens of Guatemala, petition for review of the Board

of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying their cancellations of removal, applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here except as they pertain to our ruling.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review. "[O]ur review is 'limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

Substantial evidence supports the BIA's conclusion that Petitioners' son would not experience "exceptional and extremely unusual hardship" as is required for cancellation of removal due to a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D). At the time of the BIA's decision, Petitioners' son was 26 years old, a United States citizen, a high school graduate, and employed as a truck driver. Petitioners present no evidence which suggests hardship to their son "'substantially different from, or beyond, that which would normally be expected from the deportation' of a 'close family membe[r].'" *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) (alteration in original) (citation omitted).

Substantial evidence also supports the BIA's conclusion that Petitioners failed to demonstrate nexus as to their asylum and withholding of removal claims. Petitioners fail to point to any evidence which hints that the phone calls received from the gang members were due to Petitioners' political opinions, opposition to the gangs, or that gang members were in any way motivated to harm because of any alleged cognizable social groups. Moreover, threats based solely on a desire for financial gain bear no nexus to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Failure to establish a nexus is dispositive of Petitioners' claims for both asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

Petitioners have waived consideration of their CAT claim by failing to address it in their opening brief. *See Jang v. Lynch*, 812 F.3d 1187, 1189 n.1 (9th Cir. 2015).

**PETITION DENIED.**